J-S01019-19

2019 PA Super 55

| IN THE MATTER OF: M.P., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1371 MDA 2018 |

Appeal from the Decree Entered July 20, 2018
In the Court of Common Pleas of Dauphin County Orphans' Court at
No(s):  42-AD-2018,
43-AD-2018, CP-22-DP-295-2016,
CP-22-DP-296-2016

| IN THE MATTER OF: M.P., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: S.L., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1372 MDA 2018 |

Appeal from the Order Dated July 20, 2018
In the Court of Common Pleas of Dauphin County Orphans' Court at
No(s):  42-AD-2018,
43-AD-2018, CP-22-DP-0000295-2016,
CP-22-DP-0000296-2016

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

CONCURRING AND DISSENTING OPINION BY PELLEGRINI, J.:

**FILED FEBRUARY 22, 2019**

On August 18, 2019, S.L. timely filed an appeal from two orders entered the same day – one terminating her parental rights and the other changing the permanency goal from reunification to adoption.    Pursuant to

_____

\*   Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018), the majority states that quashing of this appeal is required because separate notices from each order were not filed but then goes on to affirm the trial court. While I agree with the majority on the merits, I disagree with the majority conclusion that *Walker* requires the quashing of appeals for failure to file separate notices. I would hold that until the Appellate Procedural Rules Committee amends Pennsylvania Rule of Appellate Procedure 341(a) as our Supreme Court directed, appeals should not be automatically quashed.

In *General Electric Credit Corporation v. Aetna Casualty and Surety Company*, 263 A.2d 448, 453 (Pa. 1970), without citing to any Rule, our Supreme Court stated that taking one appeal from several judgments was not favored but held that quashal was unnecessary (1) where the issues raised as to both final orders were substantially identical; (2) where no objection was raised as to the improper procedure; and (3) where the period of time in which to file an appeal had run, barring the appellant from appellate relief in the event of quashal.

Our Supreme Court changed all that in *Walker*, where the Commonwealth filed a single notice of appeal from four suppression orders in four cases with four different docket numbers. While Rule 341(a) does not explicitly require that a separate appeal must be taken from an order arising on more than one docket, the Official Comment to Rule 341(a) suggests that

separate notices of appeal must be filed from one or more orders resolving issues concerning multiple docket numbers.

*Walker* held that to appeal a final order, Rule 341(a), as affected by the Official Comment to that Rule, required that a separate notice of appeal be filed for each case, and if not, the appeal will be quashed. In so doing, the Court noted that the 2013 amendment to the Official Note to Rule 341[1] was contrary to decades of case law from it, this Court, and the Commonwealth Court in which appeals were seldom quashed on that basis. *Walker,* 185 A.3d at 977. It also emphasized that authorities cited in the Rule's Official Comment, as well as other published decisions, indicated that the *General Electric* factors remained in effect. *Id.*

To discourage the filing of a single notice of appeal as to multiple docket numbers but in recognition that was a change in long standing interpretation of Rule 341(a), our Supreme Court applied its holding in *Walker* prospectively, stating:

> While we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.
>
> We further direct our Appellate Procedural Rules Committee to amend the language of the Official Note to Rule 341 in light of this

---

[1] The 2013 amendment to the Official Comment to Rule 341(a) provides: "Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed."

Opinion, and to consider further, as an alternative, an amendment to Rule 341 to state explicitly the requirement that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. The rules relating to interlocutory appeals (Pa.R.A.P. 311- 313) shall be conformed, as necessary, to Rule 341 in this regard.

*Id.* at 977-78 (footnote omitted). The Supreme Court referred the matter to the Rules Committee so that fair notice is to be given to the bar at large, especially to the civil bar, who may not be aware that a case involving an interlocutory appeal as of right in a criminal appeal would have consequences in the civil area, particularly when the Rule itself does not require a separate appeal.

Given that our Supreme Court has mandated the Appellate Procedural Rules Committee to amend either Rule 341(a) or its Official Note to explicitly require separate notices of appeal, I would hold that *Walker* only applies once the Rule or its Official Comment is amended, and that until that time, the *General Electric* factors remain in force.

Accordingly, I respectfully dissent to that portion of the majority opinion that says that quashing is required where a party does not file separate appeals.